LEE LITIGATION GROUP, PLLC
Clara Lam (162512016)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 661-0543
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

HONORIO MINISTRO,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

v.

THE SUPREME CHICKEN OF UNION CITY, INC.
    d/b/a EL POLLO SUPREMO,
THE SUPREME CHICKEN OF NEW JERSEY, INC.
    d/b/a EL POLLO SUPREMO,
THE SUPREME CHICKEN OF WEST NEW YORK INC.
    d/b/a EL POLLO SUPREMO,
SUPREME CHICKEN OF JERSEY CITY INC.
    d/b/a EL POLLO SUPREMO,
EUGENIO ALVAREZ, MARIA ALVAREZ
and GALO GUERRON,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, HONORIO MINISTRO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, THE SUPREME CHICKEN OF UNION CITY, INC. d/b/a EL POLLO SUPREMO, THE SUPREME CHICKEN OF NEW JERSEY, INC. d/b/a EL POLLO SUPREMO, THE SUPREME CHICKEN OF WEST NEW YORK INC. d/b/a EL

1

POLLO SUPREMO, SUPREME CHICKEN OF JERSEY CITY INC. d/b/a EL POLLO SUPREMO ("Corporate Defendants"), EUGENIO ALVAREZ and GALO GUERRON (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New Jersey State Wage and Hour Law ("NJSWHL"), he is entitled to recover from Defendants: (1) unpaid overtime compensation, (2) liquidated damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the New Jersey District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff HONORIO MINISTRO is a resident of Hudson County, New Jersey.

6. Defendants operate four restaurants under the common trade name "El Pollo Supremo" with addresses as follows:

    (a)    3223 Bergenline Avenue, Union City, NJ 07087;

    (b)    4209 Bergenline Avenue, Union City, NJ 07087;

    (c)    6114 Bergenline Avenue, West New York, NJ 07093; and

(d) 254 Central Avenue, Jersey City, NJ 07307.

(collectively, "El Pollo Supremo Restaurants"). Defendants operate El Pollo Supremo as a single integrated enterprise. Specifically, El Pollo Supremo Restaurants are engaged in related activities, share common ownership and have a common business purpose. El Pollo Supremo Restaurants are commonly owned by the Individual Defendants EUGENIO ALVAREZ and GALO GUERRON. El Pollo Supremo Restaurants share a common logo, share a common feel and look, serve similar menu items and are advertised jointly on Defendants' website (http://elpollosupremonj.com). *See* Exhibit 1. Supplies and employees are interchangeable between El Pollo Supremo Restaurants.

7. Corporate Defendant THE SUPREME CHICKEN OF UNION CITY, INC. d/b/a EL POLLO SUPREMO is a domestic profit corporation organized under the laws of the State of New Jersey, with a principle place of business and an address for service of process located at 3223 Bergenline Avenue, Union City, NJ 07087.

8. Corporate Defendant THE SUPREME CHICKEN OF NEW JERSEY, INC. d/b/a EL POLLO SUPREMO is a domestic profit corporation organized under the laws of the State of New Jersey, with a principle place of business located at 4209 Bergenline Avenue, Union City, NJ 07087 and an address for service of process located at 6114 Bergenline Avenue, West New York, NJ 07093.

9. Corporate Defendant THE SUPREME CHICKEN OF WEST NEW YORK INC. d/b/a EL POLLO SUPREMO is a domestic profit corporation organized under the laws of the State of New Jersey, with a principle place of business and an address for service of process located at 6114 Bergenline Avenue, West New York, NJ 07093.

10. Corporate Defendant SUPREME CHICKEN OF JERSEY CITY INC. d/b/a EL POLLO SUPREMO is a domestic profit corporation organized under the laws of the State of New Jersey, with a principle place of business located at 254 Central Avenue, Jersey City, NJ 07307 and an address for service of process located at 4715 Bergenline Avenue, West New York, NJ 07087.

11. Individual Defendant EUGENIO ALVAREZ is an owner and senior executive officer of Corporate Defendants. EUGENIO ALVAREZ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. EUGENIO ALVAREZ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to EUGENIO ALVAREZ regarding any of the terms of their employment, and EUGENIO ALVAREZ would have the authority to effect any changes to the quality and terms of employees' employment. EUGENIO ALVAREZ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. EUGENIO ALVAREZ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. EUGENIO ALVAREZ exercised functional control over the business and financial operations of Corporate Defendants.

12. Individual Defendant MARIA ALVAREZ is an owner and senior executive officer of Corporate Defendants. MARIA ALVAREZ exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. MARIA ALVAREZ had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of

employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to MARIA ALVAREZ regarding any of the terms of their employment, and MARIA ALVAREZ would have the authority to effect any changes to the quality and terms of employees' employment. MARIA ALVAREZ regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. MARIA ALVAREZ ensured that employees effectively serve customers and that the business is operating efficiently and profitably. MARIA ALVAREZ exercised functional control over the business and financial operations of Corporate Defendants.

13. Individual Defendant GALO GUERRON is an owner and senior executive officer of Corporate Defendants. GALO GUERRON exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. GALO GUERRON had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to GALO GUERRON regarding any of the terms of their employment, and JONATHAN SCHNIPPER would have the authority to effect any changes to the quality and terms of employees' employment. GALO GUERRON regularly visited the restaurants and directly reprimanded any employee who did not perform his duties correctly. GALO GUERRON ensured that employees effectively serve customers and that the business is operating efficiently and profitably. GALO GUERRON exercised functional control over the business and financial operations of Corporate Defendants.

14. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NJSWHL and the Regulations thereunder.

15. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, grill persons, dishwashers, cashiers and delivery persons, employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

# RULE 23 CLASS ALLEGATIONS – NEW JERSEY STATE WAGE AND HOUR LAW

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, grill persons, dishwashers, cashiers and delivery persons, employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay the proper overtime compensation at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. Defendants' corporate-wide policies and practices affected all Class

members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class

members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate the New Jersey State Wage and Hour Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and Class members within the meaning of the New Jersey law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d) Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate; and

(e) Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the NJSWHL.

## STATEMENT OF FACTS

27. From in or about 2002 until on or about June 19, 2016, Plaintiff HONORIO MINISTRO was employed by Defendants to work as a grill person for Defendants' "El Pollo Supremo" restaurant located at 3223 Bergenline Avenue, Union City, NJ 07087.

28. From in or about August 2010 until in or about May 2015, Plaintiff HONORIO MINISTRO regularly worked eleven (11) hours per day, from 12:00 P.M. to 11:00 P.M., for six (6) per week. From in or about June 2015 until the end of his employment with Defendants, Plaintiff HONORIO MINISTRO regularly worked six (6) hours per day, from 7:00 A.M. to 1:00 P.M., for six (6) per week. Plaintiff HONORIO MINISTRO was required to work without any lunch break on a daily basis. Based on Plaintiff HONORIO MINISTRO's direct observations and conversations with other employees at El Pollo Supremo Restaurants, all FLSA Collective Plaintiffs and Class members worked similar hours.

29. From in or about August 2010 until in or about December 2013, Plaintiff HONORIO MINISTRO was paid at a straight-time regular rate of $7.25 per hour for all hours worked, including hours worked in excess of forty (40) per workweek. From in or about January 2014 until in or about December 2014, Plaintiff HONORIO MINISTRO was paid at a straight-time regular rate of $8.25 per hour for all hours worked, including hours worked in excess of forty (40) per workweek. From in or about January 2015 until the end of his employment with Defendants, Plaintiff HONORIO MINISTRO was paid at a straight-time regular rate of $8.38 per hour for all hours worked, including hours worked in excess of forty (40) per workweek. Based on Plaintiff HONORIO MINISTRO's direct observations and conversations with other employees at El Pollo Supremo Restaurants, all FLSA Collective Plaintiffs and Class members were paid similarly at straight-time rates for all overtime hours worked.

30. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NJSWHL.

31. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New Jersey State overtime rate (of time and one-half) to Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

32. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

33. Plaintiff realleges and reavers Paragraphs 1 through 32 of this class and collective action Complaint as if fully set forth herein.

34. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

36. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

37. At all relevant times, Defendants had a policy and practice of failing to pay the proper overtime compensation at the statutory rate of one and one-half times the regular rate to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

38. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the proper overtime compensation of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

41. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

42. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW JERSEY STATE WAGE AND HOUR LAW

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this class and collective action Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New Jersey State Wage and Hour Law.

46. Defendants knowingly and willfully violated the rights of Plaintiff and Class members by failing to pay them the proper overtime compensation at the statutory rate of one and one-half times the regular rate for hours worked in excess of forty (40) per workweek.

47. Due to Defendants' New Jersey State Wage and Hour Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payments, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJSWHL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and NJSWHL;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the proper overtime compensation, pursuant to the FLSA;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay the proper overtime compensation, pursuant to the NJSWHL;

f. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

h. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff as Representative of the Class; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 17, 2017

Respectfully submitted,

By: */s/ Clara Lam*
Clara Lam, Esq.

LEE LITIGATION GROUP, PLLC
Clara Lam (162512016)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 661-0543
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*